## In re McAllister.

### *(Circuit Court, D. Maryland. June 11, 1892.)*

**1. OLEOMARGARINE—INTERSTATE COMMERCE—ORIGINAL PACKAGES.**
   Code Md. art. 27, § 90, providing that no person shall have oleomargarine in his possession with intent to sell the same, or shall offer the same for sale, is. as to original packages, an interference with interstate commerce, and therefore unconstitutional.

**2. SAME—BREAKING OF PACKAGE—REMOVING LID FOR INSPECTION.**
   Removing the lid of an original package of oleomargarine, so that a prospective buyer may examine its contents, is not such a breaking of the package as will destroy its original character.

At Law. Petition by Charles E. McAllister for writ of *habeas corpus.* Petitioner had been convicted in a Maryland court of the offense of selling oleomargarine, and the judgment was affirmed in the state supreme court. See 20 Atl. Rep. 143. Writ granted, and petitioner discharged.

*Thomas G. Hayes,* for petitioner.

*John P. Poe,* Atty. Gen., and *James Hews,* for the State.

BOND, Circuit Judge. The petitioner has been arrested and indicted by the proper authorities of the city of Baltimore, and is now in jail, his bail having surrendered him. The indictment is for a violation of Code Pub. Gen. Laws Md. art. 27, §§ 88–91, inclusive, relating to the sale of oleomargarine.[1] It contains three counts. The first charges that petitioner did sell to one Simon N. Miller, as an article of food, 10 pounds of an article manufactured out of an oleaginous substance designed to take the place of butter. The second count charges that petitioner offered to sell to Simon N. Miller 10 pounds of the manufactured article, and the third count charges that he had in his possession, with intent to sell the same, a certain compound, so manufactured, out of an oleaginous substance other than pure milk or cream. There is little dispute about the facts material to the decision of this question, which resolves itself into this: Whether or not a party living in the state can order from another state a package of oleomargarine, and sell it in the original package to a citizen of Baltimore. The proof shows that there was but one sale by petitioner,—that of 10 pounds to Miller. The package in question was manufactured in Chicago by Braun & Fitts. It had all the internal revenue stamps and brands on it to show that the act of congress had by them been complied with. There is some dispute as to whether McAllister was acting as the agent of some one else or on his own responsibility. It seems to us this makes but little, if any, difference. The proof is that he received the package from Braun & Fitts. of Chicago, had it in his possession, and sold it to Miller. It appears from the evidence that Pope & Janney, dealers in but-

---

[1] Code Md. art. 27, § 90, provides, with respect to oleomargarine, that no person "shall have the same in his possession with intent to sell the same, or shall sell or offer the same for sale."

ter in Baltimore, procured Miller and another to go to McAllister's place of business, and seek to purchase butter, apparently thinking that he would sell them oleomargarine for butter. When asked by Miller if he had butter for sale, he replied he had not, but he had oleomargarine, which he was asked to show. This he did. Miller then asked to have 2 pounds of the article sold to him, but McAllister replied that he could not sell less than 10 pounds in the original package. The two emissaries of Pope & Janney then left, but, after consultation, returned, and desired to look at the oleomargarine. McAllister removed the lid of the tub, Miller tasted it, and purchased the 10 pounds, package and all. Having, as they thought, successfully played the role of that unadmired person who did all he could "to increase the trespass of Israel," McAllister, upon their testimony, was indicted as stated.

That a person may import an article from a foreign country or one of the states of the Union, and sell it in the condition in which it was imported, is not to be disputed now, after a long line of decisions by the supreme court, running as far back as Chief Justice MARSHALL's day. A state may regulate the sale and storage of articles dangerous to the health of the citizen, but it cannot prohibit the importation. The statute under which McAllister is indicted makes no allusion to the fact that it has a hygienic purpose, and it does not regulate the sale of oleomargarine, but prohibits its possession altogether in the hands of the importer. It is argued that the taking the lid from the tub containing this oleomargarine was a breaking of the package so as to destroy its original character. This in no sense did it do. The goods had in no way become commingled with his property or the general property of the state. *Low* v. *Austin*, 13 Wall. 29. Any one calling for oleomargarine with an honest purpose would have purchased this package as an original one, even if he knew it had had its lid lifted off once to see whether or not it held another substance than it purported to hold. The laws of the United States recognize oleomargarine as a merchantable article. Being such, while a state may perhaps regulate its sale, it cannot prohibit its importation. The statute in question does this, and is unconstitutional, and in this respect void. The petitioner is discharged.